IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL A. McCLANAHAN, ) | |
| ) | C/A No. 4:06-2301-JFA-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS (SCDC); COLIE RUSTON ) | |
| WARDEN McCORMICK CORR. INST.; and ) | |
| HENRY McMASTER, ATTORNEY ) | |
| GENERAL OF SOUTH CAROLINA, ) | |
| ) | |
| Respondents ) | |
| ) | |

Petitioner, Michael A. McClanahan ( petitioner), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 16, 2006. Respondents filed a motion for summary judgment on October 31, 2006, along with a return and supporting memorandum. The undersigned issued an order filed October 31, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on November 27, 2006. On November 30, 2006, respondents filed a motion to supplement the return and memorandum. The motion was granted on December 1, 2006, and respondents' supplement was filed. A second Roseboro Order was issued on December 1, 2006, but

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

petitioner did not file a response to the supplemental return and memorandum in support of the motion for summary judgment.

## I.  PROCEDURAL HISTORY

The procedural history as set forth by the respondents in their original memorandum and supplemental memorandum has not been seriously disputed by the petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the respondents.

Petitioner is presently confined to Kershaw Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Charleston County. Petitioner was indicted in July 1996 for strong armed robbery and armed robbery. Guy Vitetta, Esquire, represented petitioner on the charges. On September 13, 1999, pursuant to negotiations, petitioner pleaded guilty to two counts of strong armed robbery. The Honorable Luke Brown heard and accepted the plea. The judge sentenced petitioner to fifteen (15) years imprisonment on each count, to be served consecutively, for an aggregate sentence of thirty (30) years. Petitioner has not sought an appeal from the plea or sentence.

On March 15, 2001, petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following claims:

    9(a)    Ineffective counsel assistance;

    9(b)    Plea obtained by coerced conviction;

    9(c)    Violation of due process.

(PCR Application, p. 3).

J. Seth Whipper, Esquire, was appointed to represent petitioner in the action. The State made

its initial return on June 11, 2001, and an amended return on December 13, 2001. An evidentiary hearing was scheduled on September 9, 2002, before the Honorable A. Victor Rawl. The PCR judge, noting a pending motion to reconsider, dismissed the PCR action as premature.

## II. HABEAS ALLEGATIONS

Petitioner raised the following allegation in his habeas petition, quoted verbatim:

A. Ground one: "Extreme Delay"

> Supporting Facts: "Motion for Reconsideration" of sentence has been pending without a ruling, since September 13, 1999, which has hindered.[sic].

(Petition).

In the supplemental return and memorandum, respondents assert that petitioner claims inordinate delay in the state process and seeks specific relief to have State Court honor timely filed "Motion for Reconsideration of Sentence." However, as stated in the respondents' original memorandum, respondents noted that the referenced motion for reconsideration was not included on the Charleston County Clerk of Court website, but that respondents would research the allegation of a properly pending motion for reconsideration and move to supplement the record as necessary. Respondents' counsel asserts that he contacted plea counsel, Guy J. Vitetta, November 9, 2006, who confirmed he had filed a motion for reconsideration of sentence in September 1999, and that the motion had not yet been heard. Therefore, respondents' counsel contends that he informed the Ninth Circuit Solicitor's Office of the motion and requested assistance in setting the motion for hearing. Respondents assert that the Ninth Circuit Solicitor's Office advised respondents' counsel that Judge R. Markley Dennis, Chief Administrative Judge for General Sessions, heard the motion on

November 30, 2006. Respondents assert Judge Dennis denied the motion from the bench and will issue a written order on same. Therefore, respondents argue that since petitioner has received his requested relief, the action is no longer necessary and the issue of whether to schedule a hearing is now moot. As previously stated, petitioner did not file a response to this argument.

### III.  SUMMARY JUDGMENT

On October 31, 2006, respondents filed a motion for summary judgment and a supplemental return and memorandum on December 1, 2006.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both

parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### IV.  STANDARD OF REVIEW

Since McClanahan filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas

proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.  DISCUSSION

Based on respondents' supplemental memorandum, it appears petitioner received the hearing on his motion for reconsideration which is the relief he was seeking in his petition. A review of his petition reveals that the relief petitioner requested was "Grant a hearing to have State Court honor timely filed 'Motion for Reconsideration of Sentence' for case No. 99-GS-10-4604, 4605." (Petition p. 15). Respondents submitted a copy of a letter their counsel received from the Ninth Circuit Solicitor dated November 17, 2006, which states "[T]his case has been placed on the motions docket for the morning of November 30, 2006. The Honorable R. Markley Dennis will hear Michael Anthony McClanahan's motion to reconsider at that time." (Attachment to Document #13). As stated, respondents assert in their supplemental memorandum that their counsel was advised by the

Ninth Circuit Solicitor's Office that Judge Dennis heard the motion on November 30, 2006, and denied the motion from the bench with a written order to follow. Petitioner has not denied this fact. Therefore, it is recommended that respondents' motion for summary judgment be granted on the ground that the issue presented is now moot and petitioner has been granted the relief sought.

## VI.  CONCLUSION

As set out above, a review of the record indicates the petitioner's federal habeas corpus petition should be dismissed as the relief sought has been granted in that petitioner did receive a state court hearing on the motion for reconsideration. It is, therefore,

RECOMMENDED that respondents' motion for summary judgment (document #9) be GRANTED and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 17, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**